**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10357
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OBRIANT WEBB,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 3:04-CR-334-3
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Obriant Webb, appearing pro se, appeals his conviction of con-
spiracy to possess with intent to distribute cocaine, in violation
of 8 U.S.C. §§ 841(a)(1) and 846.  Webb first contends that the
district court lacked jurisdiction, asserting that the United
States District Court for the Northern District of Texas is not an
Article III district court created by Congress; that Texas is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

a State of the United States; that the indictment was not signed by the clerk of court attesting to its return in open court; that he was not arrested within the territorial jurisdiction of the United States; and that his Fourth Amendment and Fifth Amendment rights were violated by the purported lack of jurisdiction.

Webb's jurisdictional arguments are frivolous. United States district courts have jurisdiction over federal offenses, see 18 U.S.C. § 3231; the United States District Court for the Northern District of Texas is a district court of the United States, see 28 U.S.C. §§ 124, 132; and Texas is plainly a state of the United States within the territorial jurisdiction of the United States, see United States v. 1,078.27 Acres of Land, 446 F.2d 1030, 1039 (5th Cir. 1971). Webb's contentions based on 18 U.S.C. §§ 7 and 23 are without merit. As for the indictment, the record plainly shows that it was signed by the clerk of court.

Webb's additional assertions that 28 U.S.C. § 535 limits the federal investigatory power to offenses by federal employees, and that 21 U.S.C. § 883 requires an administrative hearing before re-ferral of a drug offense for prosecution, are based on misreadings of the plain language of those statutes, both of which use the per-missive word "may." Their provisions are not mandatory.

We reject Webb's claims of ineffective assistance of counsel. Given the frivolous nature of Webb's arguments, counsel's failure to make those arguments did not constitute ineffective assistance. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999);

<u>Clark v. Collins</u>, 19 F.3d 959, 966 (5th Cir. 1994).

Because Webb's appeal presents no legal points arguable on their merits, it is frivolous.  <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, we grant the government's motion for summary dismissal, and we dismiss the appeal as frivolous.  The government's alternative requests for summary affirmance and an extension of time to file a brief are denied as unnecessary.

MOTION FOR SUMMARY DISMISSAL GRANTED; APPEAL DISMISSED AS FRIVOLOUS; ALTERNATIVE REQUESTS FOR SUMMARY AFFIRMANCE AND EXTENSION OF TIME DENIED AS UNNECESSARY.